OWENS & PYPER, P.L.C.
3030 N. Central Avenue, Ste. 1406
Phoenix, Arizona 85012
Phone: 602-265-4800
Fax: 602-265-0005
**Mark B. Pyper #011051**
Email: pyperlaw@aol.com

Attorneys for Debtors-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | Chapter 11 |
| REZA ATHARI & ASSOCIATES, P.L.L.C. | No. 14-10724-ABL |
| Debtors. | APPLICATION TO EMPLOY COUNSEL |

Debtor Reza Athari & Associates, P.L.L.C, (hereafter "Debtor,") by and through its undersigned counsel, hereby submit its Application to Employ Counsel, Mark B. Pyper of Owens & Pyper, P.L.C., as follows:

1. Applicant is the Debtor and Debtor-in-Possession in a Chapter 11 reorganization case pending before this court. Applicant commenced this case by filing a voluntary petition herein under Chapter 11 of the Bankruptcy Code on February 3, 2014.

2. Applicant remains in possession of its assets and continues to direct its business affairs. No trustee has been appointed.

3. Mark B. Pyper of the law firm Owens & Pyper, P.L.C. ("Counsel") assisted and will continue to assist in the preparation of the petition, schedules and statement of affairs to be filed in connection with this matter. Counsel is familiar with the legal and financial issues and problems facing the Debtor. Debtor has had also made careful and diligent inquiry into the qualification of Counsel. Debtor is advised that Mark B. Pyper is admitted to the Bar of the State of Arizona. Mark B. Pyper has considerable experience in bankruptcy matters has represented numerous and debtors-in-possession in proceeding before the United States Bankruptcy court.

4. Counsel has agreed to represent Applications, and Applicant believes it necessary to have such Counsel employed as bankruptcy counsel in this Chapter 11 case to represent them as Debtors and Debtors-in-Possession. Counsel's employment may include: examining of claims creditors in order to determine their validity; giving advice and counsel to Applicant in connection with legal problems, including the use of cash collateral, sale or lease of property of the estates, obtaining credit, assumption and rejection of unexpired leases and executory contract, request for security interests, relief from automatic stay, payment of pre-petition obligations; drafting a Plan of Reorganization and Disclosure Statement; objecting to claim as may be appropriate and in general acting on behalf of Applicants with regard to the estate's assets and with regard to secured, priority, or unsecured claims that may be asserted in this case.

5. Counsel may need to appear in, and prosecute or defendant suits and proceedings, if any, when they arise, and to take all necessary and property steps in other matters and things involving bankruptcy law or connected with the affairs of the bankruptcy estates, if and when they become necessary.

6. Applicant needs to employ Bankruptcy Counsel to undertake certain action that may be appropriate or necessary in connection with the preservation and realization of the equity of the Chapter 11 estate. Further, it is necessary and appropriate to employ Counsel to advise Applicant so that they may properly comply with all provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules and the requirements and guidelines of this United States Trustee.

7. Applicant propose, upon granting of the Application, to employ counsel as their bankruptcy counsel. Counsel is experienced in insolvency, bankruptcy and reorganization matters and is well qualified to represent Debtors. Counsel, understand and agrees to accept such amount on accounts of its fee as may be awarded by this Court. The hourly billing rates of attorneys and paraprofessional for Counsel in this matter are as follows:

|  |  |
|---|---|
| Mark B. Pyper | $200.00 |
| Bradley T. Owens | $200.00 |
| Paralegal | $ 75.00 |
| Clerical & Legal Asst. | $ 50.00 |

8.  As further stated in the annexed declaration of Mark B. Pyper ("Declarant") Counsel does not have any interest adverse to the Debtors or the estate.

9.  Applicant is satisfied from the attached Declaration that Counsel represents no interest adverse to the Applicant or the estate and that employment of Counsel identified in this Application as bankruptcy counsel would be in the best interest of Chapter 11 estate.

10  No compensation will be paid to Counsel post-petition by Applicant, except upon application to, and approval by, the Bankruptcy Court, after notice and hearing, if necessary.

WHEREFORE, Applicant respectfully requests that it be authorized, pursuant to 11 U.S.C. Section 1107(a), and in accordance with Rule 2014(a) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules, to employ counsel as general bankruptcy counsel, at the expense of the Chapter 11 estate, as of the commencement of this case.

_____
Reza Athari
Managing Member
Reza Athari & Associates, P.L.L.C.