Scott Andrew Farrow                                    E-filed on March 10, 2014
Acting Assistant United States Trustee
State Bar # WI 1000609
*scott.a.farrow@usdoj.gov*

Jonas V. Anderson, Attorney
State Bar # VA 78240
*jonas.v.anderson@usdoj.gov*

**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Tel.: (702) 388-6600, Ext. 227
Fax:  (702) 388-6658

**Attorneys for the United States Trustee for Region 17**
    **TRACY HOPE DAVIS**

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

In re:                                    | Case No: BK-S-14-10724-ABL

REZA ATHARI & ASSOCIATES,                 | Chapter 11
P.L.L.C.,

        Debtor.    | Date: April 16, 2014
                                          | Time: 11:00 a.m.
                                          | Place: ABL-Courtroom 1, Foley Federal Bldg.

**MOTION OF THE UNITED STATES TRUSTEE, PURSUANT TO
11 U.S.C. §§ 1112(e), 1112(b) AND FEDERAL RULES OF BANKRUPTCY
PROCEDURE 1007, 1017(f) AND 9014, TO DISMISS CHAPTER 11 CASE**

To the Honorable AUGUST B. LANDIS, United States Bankruptcy Judge:

    Tracy Hope Davis, United States Trustee for Region 17 (the "United States Trustee"),

hereby brings the *Motion of the United States Trustee, Pursuant to 11 U.S.C. §§ 1112(e),*

*1112(b) and Federal Rules of Bankruptcy Procedure 1007, 1017(f) and 9014, to Dismiss*

*Chapter 11 Case* (the "Motion").  The United States Trustee seeks dismissal of the above-

captioned case filed by debtor Reza Athari & Associates, P.L.L.C. (the "Debtor") under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532.[1]

The United States Trustee respectfully submits that dismissal of this case is warranted under Sections 1112(e) and 1112(b)(1) because:

- Debtor filed a voluntary Chapter 11 petition on February 3, 2014; and

- To date, approximately thirty-five (35) days later, Debtor still has not filed the information required by paragraph (1) of section 521(a), nor has Debtor obtained an order from the Court allowing Debtor additional time to do so.

The United States Trustee further submits that the present state of the record in this case does not support any qualification of, or statutory defense to, the Motion under Section 1112(b)(2) or Section 1104(a)(3).  Nor can Debtor's subsequent filing of documents required by Section 521(a)(1) and by FRBP 1007(a) & (b) be cured without the "motion for cause shown" described in FRBP 1007(a)(5) & (c).  The United States Trustee therefore respectfully requests that the Court enter an order granting the Motion and dismissing this case.

The United States Trustee also requests that the Court take judicial notice of the pleadings and documents filed in this bankruptcy case pursuant to FRBP 9017 and Federal Rule of Evidence 201.  To the extent that the Motion contains factual assertions predicated upon statements made by Debtor or by Debtor's agents in documents filed in this case, the  United States Trustee submits that such factual assertions are supported by admissible evidence in the form of admissions of a party opponent under FRBP 9017 and Federal Rule of Evidence 801(d)(2).

_____

[1]  Hereafter, all references to "Section" in the Motion are to provisions of the Bankruptcy Code, 11 U.S.C. section 101 *et. seq.*, unless otherwise indicated.  All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure.

The Motion is supported by the following Memorandum of Points and Authorities and further evidence and argument entertained by this Court.

### MEMORANDUM OF POINTS AND AUTHORITIES

BACKGROUND FACTS AND PROCEDURAL POSTURE

1.  On February 3, 2014, Debtor filed a voluntary Chapter 11 petition with the Court. [Docket No. 1].  As disclosed on the Court's official docket for this case, since the petition date Debtor has not filed:

- any schedules, nor a summary of schedules, as required by Section 521(a)(1) and FRBP 1007(a) & (b);

- a statement of financial affairs, as required by Section 521(a)(1)(B)(iii) and FRBP 1007(b)(1)(D);

- the list of creditors and equity security holders, as required by Section 521(a)(1)(A) and FRBP 1007(a);

- the verification of creditor matrix, as required by FRBP 1008;

- the Declaration under penalty of perjury re:Electronic Filing, as required by LR 5005 and FRBP 9011(a).

2.  Moreover, Debtor has not cured *any* of the above-listed omissions since receiving the Clerk of Court's "Notice of Incomplete and/or Deficient Filing" on February 4, 2014 and "Amended Notice of Incomplete and/or Deficient Filing" on February 11, 2014.  [*See* Docket Nos. 4, 13 & 14].

3. On February 18, 2014, Debtor filed a "Motion to Extend Time to File Initial Bankruptcy Schedules," requesting therein "that the Court issue and [sic] order granting the Debtor an additional fourteen (14) days to file the required schedules in this case."  ("Motion to Extend").  [Docket No. 22].

4.   The Motion to Extend fails to resolve the grounds supporting dismissal of this case because it:

- requests an extension of fourteen (14) days and was filed approximately twenty (20) days ago, and to date Debtor *still* has not filed the required schedules in this case;

- does not establish or even argue "cause shown," as required by FRBP 1007(a)(5).  Its only argument in support of an extension is that "[o]ver the past two weeks, the Debtor has been organizing the information necessary to complete its submission of schedules."  [Docket No. 22 at 1, lns. 16-18];

JURISDICTION AND VENUE

5.   The Bankruptcy Court has original and exclusive jurisdiction over Debtor's bankruptcy case pursuant to 28 U.S.C. § 1334(a).  The Bankruptcy Court also has subject matter jurisdiction to adjudicate the contested matter presented by the Motion pursuant to 28 U.S.C. § 1334(b) as the relief sought under Section 1112(b)(1) constitutes a civil proceeding arising under the Bankruptcy Code.

6.   Adjudication of the Motion constitutes a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (O).  The filing of a motion pursuant to FRBP 1017(f)(1) initiates a contested matter governed by FRBP 9014.

7.   Venue of Debtor's bankruptcy case and the contested matter presented by the Motion are proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

8.   The United States Trustee has standing to prosecute the Motion pursuant to Sections 307 and 1112 and FRBP 1017 and 9014.  *See Stanley v. McCormick, Barstow, Sheppard, Wayte & Carruth (In re Donovan Corp.)*, 215 F.3d 929, 930 (9th Cir. 2000) ("The United States Trustee may be heard on any issue in any case or proceeding under title 11.").   The United States Trustee brings this Motion pursuant to her statutory duty to monitor bankruptcy cases under 28 U.S.C. § 586(a)(3).

Page -4-

1

2

<u>ARGUMENT SUMMARY</u>

3

9.   The United States Trustee respectfully submits that the Court has cause to dismiss

4

the case under Sections 1112(e) and 1112(b)(4)(F) because Debtor has failed to timely file

5

information required by paragraph (1) of Section 521(a) and by FRBP 1007(a) & (b).

6

Significantly, under FRBP 1007(a)(5) & (c), Debtor is barred from extending the time permitted

7

to file certain information, including information recited above, without establishing "cause

8

shown." FED. R. BANKR. P. 1007(a)(5) & (c).  Debtor has not established "cause shown" in this

9

case.

10

11

10.   The discussion that follows will address the statutory standard for dismissal under

12

Sections 1112(e), 1112(b)(1), and 1112(b)(4).  It will also describe the qualifications or

13

statutory defenses to the relief requested in the Motion, as set forth in Sections 1112(b)(2) and

14

1112(c).  For the reasons outlined below, the Court should not apply these qualifications or

15

defenses in the present case.

16

17

11.   The Motion will also demonstrate that neither of the alternative forms of relief

18

expressly set forth in Section 1104(a)—potentially available here by express reference to that

19

statutory provision in Section 1112(b)(1)—is in the best interests of the estate or of Debtor's

20

creditors.  An order directing the appointment of an examiner is not appropriate here because

21

Debtor, as representative of the bankruptcy estate, has failed to discharge its fundamental duty

22

under the Bankruptcy Code and FRBP to timely file information required by Section 521(a)(1)

23

and FRBP 1007.  *See* 11 U.S.C. §§ 521, 1106(a)(1), 1107(a), 1108 & 1112(b)(4)(F).

24

25

12.  In addition, the appointment of a Chapter 11 trustee pursuant to Section 1104(a)

26

does not appear to be appropriate here.  Debtor's failure to comply with even the most basic

27

28

1  disclosure requirements under the Bankruptcy Code and FRBP does not suggest that Debtor's

2  reorganization under a confirmed plan is likely.

3      13.  The United States Trustee respectfully submits that the Motion will demonstrate by

4  a preponderance of the evidence that dismissal of this bankruptcy case is the most appropriate

5  remedy.  The Court should therefore grant the relief requested in the Motion and order dismissal

6  of the case pursuant to Section 1112(b)(1).

7

8                                     ARGUMENT

9  **I.    *Cause Exists Under 11 U.S.C. §§ 1112(e) to Dismiss Debtor's Bankruptcy Case.***

10     14.  Section 1112(e) provides, in pertinent part:

11

12          [T]he court, on request of the United States Trustee, may convert a
            case under this chapter to a case under chapter 7 of this title or may
13          dismiss a case under this chapter, whichever is in the best interest
            of creditors and the estate if the debtor in a voluntary case fails to
14          file, *within fifteen days after the filing of the petition commencing
            such case* or such additional time as the court may allow, the
15          information required by paragraph (1) of section 521(a).

16  11 U.S.C. § 1112(e) (emphasis added).

17     15.  The information required by paragraph (1) of section 521(a), as referenced in

18
   Section 1112(e), includes:
19

20          (A) a list of creditors; and

21          (B) unless the court orders otherwise—

22           (i) a schedule of assets and liabilities;

23
             (ii) a schedule of current income and current expenditures;
24

25           (iii) a statement of the debtor's financial affairs . . .

26           . . .

27
             (iv) copies of all payment advices or other evidence of payment received within
28           60 days before the date of the filing of the petition, by the debtor from any

                                      Page -6-

employer of the debtor;

(v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and

(vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition.

11 U.S.C. § 521(a)(1)(A) & (a)(1)(B).  *See also* FRBP 1007(a) & (b).

16.  Here, Debtor filed a voluntary Chapter 11 petition on February 3, 2014.  [Docket No. 1].  The petition failed to include most of the information required by paragraph (1) of Section 521(a) and FRBP 1007.  [*See* Docket No. 1].  Debtor has not supplemented the record in this case with any of that required information.  [*See* Docket].  Under Section 1112(e), Debtor was required to file that information "within fifteen days after the filing of the petition." 11 U.S.C. § 1112(e).  That fifteen-day deadline expired on or about February 18, 2014.  The Court notified Debtor of that deadline on February 4, 2014 and again on February 11, 2014. [Docket Nos. 4, 13 & 14].  Yet to date, Debtor still has not filed the information required under Section 521(a) nor received a Court-ordered extension of the deadline.  [*See* Docket].  The fourteen-day extension Debtor requested in the Motion to Extend has already passed, and for the reasons noted above, the Motion to Extend fails to resolve the grounds supporting dismissal in this case.  [*See* Docket No. 22].

17.  Debtor did not file, within fifteen days after the petition date in this case, the information required by paragraph (1) of section 521(a).  [*See* Docket].  The Court has not entered an order allowing Debtor additional time, nor has Debtor established the "cause shown" required by FRBP 1007(a)(5) & (c).  Accordingly, the United States Trustee respectfully requests that the Court enter an order dismissing this case under Section 1112(e).

**II.    *Cause Exists Under 11 U.S.C. §§ 1112(b)(1), (b)(4)(F) to Dismiss Debtor's Bankruptcy Case.***

18.    The text of Section 1112(b)(1) provides:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest,[2] and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b)(1).

19.    "Cause," as used in Section 1112(b)(1), is defined in pertinent part as follows:

> For purposes of this subsection, the term 'cause' includes--
>
> . . .
>
> (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter;

11 U.S.C. § 1112(b)(4)(F).

20.    As recited and discussed above, Debtor has not complied with the basic filing requirements established by Section 521(a).  To date, Debtor has not cured these omissions, even after receiving a "Notice of Incomplete and/or Deficient Filing" and an "Amended Notice of Incomplete and/or Deficient Filing."  [Docket Nos. 4, 13 & 14].  Section 1112(b)(4)(F) provides that the "unexcused failure to *satisfy timely* any filing or reporting requirement

---

²    By its terms, Section 1112(b)(1) grants any "party in interest" standing to seek any of the remedies available under that statutory provision.  Although not expressly mentioned among the illustrative examples of parties in interest in Section 1109(b), the United States Trustee is a "party in interest" for purposes of seeking the relief requested in the Motion.  *See In re South Beach Securities, Inc.*, 606 F.3d 366, 371 (7th Cir. 2010) (holding that the United States Trustee is a "'party in interest' when he seeks to protect the rules and procedures of bankruptcy"); *A-1 Trash Pickup, Inc. v. United States Trustee (In re A-1 Trash Pickup)*, 802 F.2d 774, 777 (4th Cir. 1986) (concluding the United States Trustee "is a 'party in interest' within the meaning of § 1112(b)"); 11 U.S.C. § 307 (granting the  United States Trustee statutory standing to raise and appear and be heard on any issue arising under title 11).

established by this title or by any rule applicable to a case under this chapter" is cause to convert or dismiss a Chapter 11 case.  11 U.S.C. § 1112(b)(4)(F) (emphasis added.)  Cause therefore exists to dismiss this case under Section 1112(b)(4)(F).  Moreover, even if Debtor were to attempt to file all documents required under Section 521(a) at some later date, the Court would still have cause to dismiss this case because Debtor's compliance would not be "timely."  11 U.S.C. § 1112(b)(4)(F).

21.  For the foregoing reasons, the United States Trustee respectfully submits that the Court has cause to dismiss this case under Section 1112(b)(4)(F).

22.  Accordingly, the United States Trustee requests that the Court enter an order dismissing this case.

**III.**    ***Once Cause is Established, Debtor has the Burden of Establishing All Elements of the Statutory Defense Available Under 11 U.S.C. § 1112(b)(2).***

23.  The burden of proof to establish a *prima facie* case of cause belongs here to the United States Trustee as the movant seeking relief under Section 1112(b)(1).  *In re Sydnor*, 431 B.R. 584, 590–591 (Bankr. D. Md. 2010) (stating that Section 1112 applies a burden shifting approach that assigns to the movant the initial burden of establishing a *prima facie* case of cause for conversion or dismissal of a debtor's Chapter 11 bankruptcy case).  Once cause is established, the burden then shifts to the respondent to establish unusual circumstances demonstrating that the requested dismissal or conversion is not in the best interests of creditors and the bankruptcy estate.  *Id.* at 591 ("The burden is upon the respondent to prove such unusual circumstances.").  The standard of proof is by preponderance of the evidence.  *In re Comscape Telecommunications, Inc.*, 423 B.R. 816, 830 (Bankr. S.D. Ohio 2010).

24.  It is important to note that in assessing any potential defense that Debtor or other respondents may interpose here, courts have held that the statutory requirement of unusual

circumstances must be predicated upon facts other than those that generally come to pass in Chapter 11 bankruptcy cases. *Sydnor,* 431 B.R. at 591 ("[U]nusual circumstances cannot solely be facts that are common to Chapter 11 cases generally."); *In re Landmark Atlantic Hess Farm, LLC,* 448 B.R. 707, 716–717 (Bankr. D. Md. 2011) (same); *In re Orbit Petroleum, Inc*. 395 B.R. 145, 148 (Bankr. D.N.M. 2008) (same).

25.  The present record in this case does not disclose any unusual circumstances that would counsel against granting the relief requested in the Motion.  Therefore, subject to any evidence that may be adduced by Debtor or by other respondents to the Motion, there does not appear to be sufficient evidence to support any defense to the relief requested in the Motion under the "unusual circumstances" clause found  in Section 1112(b)(2).  Accordingly, the relief requested in the Motion should be granted, and Debtor's bankruptcy case should be dismissed.

26.  In addition to the statutory requirement that Debtor establish unusual circumstances within the meaning of Section 1112(b)(2), Debtor or other respondents must establish the requirements set forth in Section 1112(b)(2)(A)–(b)(2)(B).  Section 1112(b)(2) provides:

> The court may not convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter if the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interests of creditors and the estate, *and* the debtor or any other party in interest establishes that–
>
> > (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; *and*
> >
> > (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)
> >
> > > (I) for which there exists a reasonable justification for the act or omission; *and*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(ii) that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2) (emphasis added).

27.  It is important to note that Debtor must establish each of the statutory elements set forth under Section 1112(b)(2) as the statute is written in the conjunctive, and enforcement of Section 1112(b)(2) according to its express terms would not yield an absurd result here.  *In re Om Shivai, Inc*. 447 B.R. 459 (Bankr. D.S.C. 2011) ("The construction of [Section 1112(b)(2)] makes it clear that all of the elements set forth in [Section 1112(b)(2)] must be satisfied to protect the debtor from conversion or dismissal."); *Landmark Atlantic*, 448 B.R. at 717 (same).

28.  Debtor must establish first that a plan can be confirmed within a reasonable period of time, which is highly unlikely given the facts on the record in this case.  Debtor has failed to discharge even the most basic and fundamental duties associated with filing a voluntary Chapter 11 petition: Debtor has failed to file virtually all of the information required by Section 521(a)(1) and FRBP 1007(a) & (b), despite the Clerk of Court's advising Debtor to do so in a "Notice of Incomplete and/or Deficient Filing" and an "Amended Notice of Incomplete and/or Deficient Filing."  [Docket Nos. 4, 13, & 14].  These facts do not support a "reasonable likelihood that a plan will be confirmed within  . . . a reasonable period of time."  11 U.S.C. § 1112(b)(2)(A).

29.  In addition, Debtor must demonstrate that the relief requested in the Motion is not predicated upon Section 1112(b)(4)(A).  Here, the United States Trustee acknowledges that the relief requested in the Motion is not predicated upon a substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation.  Debtor has

1  not submitted sufficient information on the record for the United States Trustee to draw a

2  conclusion regarding these issues.

3      30.  Debtor must also demonstrate a reasonable justification for the acts or omissions

4  that form the factual predicates for the relief requested in the Motion.  11 U.S.C. §

5  1112(b)(2)(B)(I).  This statutory requirement stands separate and apart from whether Debtor

6  may be able to cure any of the acts or omissions which form the basis for the relief requested in

7  the Motion.  *See* 11 U.S.C. § 1112(b)(2)(B)(ii).

8      31.  The United States Trustee respectfully submits that it is unlikely that there exists a

9  reasonable justification for Debtor's failure to file information required by Section 521(a)(1)

10  and FRBP 1007(a) & (b), especially after Debtor received notice of Debtor's many filing

11  omissions.  [Docket Nos. 4, 13, & 14].  Moreover, although Debtor requested a fourteen-day

12  extension of the filing deadline, the Motion to Extend did not argue—let alone establish—the

13  "cause shown" required by FRBP 1007(a)(5) & C, and the Court never granted that extension.

14  [*See* Docket].  *See also* Fed. R. Bankr. P. 1007(a)(5) & (c).  And even if the Court had granted

15  the extension, the extension would have expired approximately one (1) week ago.  [*See* Docket

16  No. 22].

17      32.  Nevertheless, if the Court ultimately determines that Debtor can establish: (a) that

18  Debtor can confirm a Chapter 11 plan within a reasonable period of time; and (b) that Debtor

19  has a reasonable justification for the acts and omissions that form the basis of the relief

20  requested in the Motion, the United States Trustee respectfully submits that any period of time

21  granted to Debtor under Section 1112(b)(2)(B)(ii) be relatively short in light of Debtor's failure

22  to disclose fundamental information about this case and about the assets of the estate.

33. The United States Trustee respectfully submits that the present state of the record before the Court does not support the existence of unusual circumstances under Section 1112(b)(2) that would render the relief requested in the Motion not in the best interests of Debtor's creditors and the bankruptcy estate. Nor does the record support the existence of the statutory elements required to establish a defense to the Motion under Section 1112(b)(2). Therefore, the Court should grant the relief requested in the Motion and enter an order dismissing this case.

**IV.    *The Relief Requested in the Motion Should Not be Qualified by the Forms of Relief That May Otherwise be Available Under 11 U.S.C. § 1104(a).***

34. The United States Trustee submits that the appointment of an examiner or Chapter 11 trustee is not an appropriate alternate remedy to the relief requested in the Motion.

35. First, the appointment of an examiner would be an inadequate remedy because the duties which Debtor has failed to discharge under the Bankruptcy Code and FRBP are those expressly assigned to either the bankruptcy trustee or debtor in possession as the representative of the bankruptcy estate. 11 U.S.C. §§ 323, 704(a)(8), 1101(1), 1106(a)(1) and 1107(a); FED. R. BANKR. P. 2015(a)(3). An examiner is not the representative of a bankruptcy estate. *See W.R. Grace & Co. v. Sealed Air Corp. (In re W.R. Grace & Co.)*, 285 B.R. 148, 156 (Bankr. D. Del. 2002) ("Obviously an examiner does not displace the debtor in possession, and an examiner is not the representative of the estate under the Code.").

36. Second, it is not clear what resources would be available to fund the administrative expenses of an examiner in this case. Under Section 1107(a), Debtor as debtor in possession is not entitled to be compensated under Section 330 for performing Debtor's fiduciary duties as debtor in possession. Debtor's bankruptcy estate should not be burdened with additional

administrative expenses associated with the appointment of an examiner due to Debtor's failure to discharge duties assigned to Debtor by both the Bankruptcy Code and FRBP.

37.  Similarly, the appointment of a Chapter 11 trustee under Section 1104(a) is not in the best interests of Debtor's creditors and the bankruptcy estate.  Based on the present state of the record before the Court, including facts recited above, there does not appear to be sufficient evidence to suggest that Debtor's reorganization under Chapter 11 is likely.  11 U.S.C. § 1129(a)(11).

38.  Conversion of Debtor's bankruptcy case to a case under Chapter 7 of the Bankruptcy Code is also not an optimal remedy because it is impossible to discern, at this stage of the case and in light of Debtor's failure to file fundamental information about estate assets, whether sufficient assets would be available for a Chapter 7 trustee to administer.  The United States Trustee does not, however, object to the Court converting Debtor's case to a case under Chapter 7 if the Court ultimately determines that such relief is in the best interests of Debtor's creditors and the bankruptcy estate.

39.  For the foregoing reasons, the Court should grant the relief requested in the Motion and enter an order dismissing this case.

///

///

///

///

///

///

///

1

**WHEREFORE**, the United States Trustee respectfully requests that the Court enter an

2

order (a) granting the Motion; (b) dismissing this bankruptcy case; and (c) commanding such

3

other relief as the Court deems just under the circumstances.

4

Dated: March 10, 2014

5

Respectfully submitted,

6

7

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

8

By:  */s/ Jonas V. Anderson*

9

Jonas V. Anderson, Esq.

10

Attorney for the United States Trustee
United States Department of Justice

11

300 Las Vegas Blvd. South, Suite 4300

12

Las Vegas, Nevada  89101

13

Telephone:  (702) 388-6600, Ext. 227
*jonas.v.anderson@usdoj.gov*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

# PROPOSED FORM OF ORDER

Scott Andrew Farrow
Acting Assistant United States Trustee
State Bar # WI 1000609
*scott.a.farrow@usdoj.gov*

Jonas V. Anderson, Attorney
State Bar # VA 78240
*jonas.v.anderson@usdoj.gov*

**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Tel.: (702) 388-6600, Ext. 227
Fax:  (702) 388-6658

**Attorneys for the United States Trustee for Region 17**
        **TRACY HOPE DAVIS**

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>REZA ATHARI & ASSOCIATES,<br>P.L.L.C.,<br><br>                    Debtor. | Case No: BK-S-14-10724-ABL<br><br>Chapter 11<br><br>Date: April 16, 2014<br>Time: 11:00 a.m.<br>Place: ABL-Courtroom 1, Foley Federal Bldg. |

### <u>ORDER DISMISSING CASE</u>

        Based on the *Motion of the United States Trustee, Pursuant to 11 U.S.C. §§ 1112(e),*

*1112(b) and Federal Rules of Bankruptcy Procedure 1007, 1017(f) and 9014, to Dismiss*

*Chapter 11 Case*, the hearing held on April 16, 2014 (appearances noted on the record), the

Court having stated on the record its findings of fact and conclusions of law, which are

incorporated herein pursuant to Federal Rules of Bankruptcy Procedure 9014(c) and 7052, and

Federal Rule of Civil Procedure 52, with good cause having been shown,

    **IT IS HEREBY ORDERED** that this case is **DISMISSED.**

Submitted by:

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: */s/ Jonas V. Anderson*
    Jonas V. Anderson, Esq.
    United States Department of Justice
    Attorney for the United States Trustee

RULE 9021 DECLARATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the Court's ruling and that:

☐ The court has waived the requirement of approval under LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☒ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

| APPROVE/DISAPPROVE | |
|---|---|
| _____<br>MARK B. PYPER, ESQ.<br>OWENS & PYPER, P.L.C.<br>3030 N. CENTRAL AVENUE, STE. 1406<br>PHOENIX, AZ 85012<br><br>*Attorney for Debtor* | |

☐ I certify that this is a case under Chapter 7 or 13, that I served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

I declare under penalty of perjury that the foregoing is true and correct.

By:  */s/ Jonas V. Anderson*
    Jonas V. Anderson, Esq.
    United States Department of Justice
    Attorney for the United States Trustee