OWENS & PYPER, P.L.C.
3030 N. Central Avenue, Ste. 1406
Phoenix, Arizona 85012
Phone: 602-265-4800
Fax: 602-265-0005
Mark B. Pyper, (#011051 AZ)
Email: pyperlaw@aol.com

Proposed Attorneys for Debtors-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| | ) | Case No.   2:14-bk-10724 |
| | ) | |
| REZA ATHARI & ASSOCIATES, | ) | DEBTOR'S BRIEF CONCERNING |
| P.L.L.C | ) | THE APPLICATION TO EMPLOY & |
| Debtor. | ) | THE ISSUE OF "SUBSTANTIAL |
| | ) | CONSOLIDATION" |

Debtor-in-possession  Reza Athari & Associates, P.L.L.C. ( hereafter  referred to as "Debtor,") hereby submits their Brief in support of the debtor's prior "Application To Employ" as well on the issue of substantial consolidation.  Based upon the following memorandum of points and authorities as well as the facts in this case, the Debtor reurges  the court to grant its pending application to appoint Mark B. Pyper of Owens & Pyper, P.L.C. as counsel for the Debtor.   Further, the Debtor urge the court to enter an order authorizing the substantial consolidation of the two, above-captioned bankruptcy cases based upon the Ninth Circuit's test as set forth in *In re: Raejean Bonham and Atlantic Pacific Funding Corporation*, Debtors, 229 F.3d   750 (9th Cir. 2000).

I.      **Procedural Background**

Applicant and Debtor-in-Possession Reza Athari & Associates, P.L.C. (hereafter

"Applicant,") is a professional limited liability company organized by Reza Athari, its wholly-owner member and manager (hereafter "Mr. Athari.") Mr. Athari is an AV rated immigration and nationality lawyer who maintains offices in various jurisdictions including Utah, Nevada and California.   Mr. Athari has arisen to national acclaim and its frequently called upon to comment concerning immigration and nationality issues that confront our country.   Despite his overall success as an attorney over the decades, Mr. Athari was not immune from the real estate dccline that affected the southwest including the Las Vegas, Nevada,  metropolitan area.

Last decade, Mr. Athari had great aspiration of opening various new offices in Las Vegas area, the first one of which was to be located in North Las Vegas.  To this end, Mr. Athari purchased an office building in the North Las Vegas area (hereafter the "Reynolds Building,") and financing was obtained from Omaha Bank.    The Reynolds Property was in addition to Mr. Athari's initial office building in Las Vegas, itself (hereafter the "Pepper Lane Building.)   As the economy declined in the Las Vegas area in 2011, Mr. Athari continued paying his secured loans like clockwork with revenue generated by his law firm.  Towards the end of 2013, Mr. Athari realized that unless he was able to restructure his assets as well as his debts, he would ultimately loose his law business as well as the association of numerous employees that work for him.

Based upon this concern, Mr. Athari evaluated the prospect of pursuing reorganization under Title 11 of the Bankruptcy Code.  Chief in Mr. Athari's mind was the fact that the Reynolds Building was entirely empty and received only token income related to a cellular tower lease on the property.  After analyzing the situation at length, Mr. Athari realized that if he were to return the Reynolds Building to Omaha Bank, and if he could reduce his effective interest rate on other secured loans, he could streamline his operations and continue in business.   Based upon

these observations, Mr. Athari retain counsel to confirm these reorganization suspicions.

Mr. Athari began working with the Phoenix, Arizona, law firm of Owens & Pyper, P.L.C. in 2013, to examine his candidacy for a Chapter 11 reorganization.   Counsel examined Mr. Athari's assets as well as the asset consisting of his legal practice.   Before long, it was concluded that in order to prosecute a successful reorganization, Mr. Athari would need to file a personal bankruptcy and his law firm would likewise need to commence a separate Chapter 11 case. Because of the filing of two, separate cases, counsel was obligated to file an application to employ in each case.   The first application to employ in Mr. Athari's personal case was previously granted by the court.   The second application file in the law firm bankruptcy is the one in focus today and subject to the objection filed by the U.S. Trustee's Office.

The Applicant responds to this second application and asks the court to grant the application in light of the substantial consolidation of these two cases.     The court will seen that the assets and the liabilities of these two separate debtors substantially overlap.  Further, virtually all creditors will attest that the line between these two debtor has been blurred due to their close association over the debtor.  For example, Mr. Athari signs personally on all of his law firm obligations, even though the law firm debtor is structured as a fully compliant professional limited liability company under Nevada law.  The debts, assets and obligations of these debtors are inextricably connected which makes a compelling argument in support of substantial consolidation.   Finally, the debtors have already filed their initial "joint" Disclosure Statement which contemplates the substantial consolidation of these cases.

## II.    <u>Legal Analysis</u>

"*Substantive consolidation*"[1] is a legal tool which may be used in a bankruptcy case to consolidate a debtor and one or more of its affiliated entities so that they are treated as a single entity.  Substantive consolidation typically eliminates inter-entity claims and guarantees of the debtor and its consolidated affiliates.  In addition, this procedure treats all assets of the debtor and its affiliates as a common pool of assets.  Finally, substantive consolidation treats the claims of creditors against the debtor and its consolidated affiliates as claims against the common assets of all the debtor and its consolidated affiliates.   This common pool of assets is drawn on to pay distributions to the creditors of all the consolidated entities.   While consolidation may result in a recovery that differs from that obtained in unconsolidated bankruptcies, in the case here, the consolidates works to increase the amount ultimately payable to the combined creditors.   In addition, the consolidation with result in a more streamlined case with a more prompt resolution. With respect to the pending Application To Employ, consolidation will also save debtor resources.

Stated another way, there is no detriment to the substantial consolidation of these cases based upon the facts and circumstances here.

<u>In re Augie/Restivo</u>

The Second Circuit's case of *In re Augie/Restivo Banking Company, Ltd.*, 860 F.2d 515 (2nd Cir. 1988) provides an initial outline to determine whether or not the substantial

---

[1]"Substantive consolidation is an equitable remedy arising from the court's inherent authority to 'ensure equitable treatment of all creditors.'" See *Alexander v. Compton*, 229 F.3d 750, 764 (9th Cir. 2000) (quoting *Union Savings Bank v. Augie/Restivo Banking Co.,* Ltd.) 860 F.2d 515, 518 (2nd Cir. 1988.))

consolidation of two separate bankruptcy cases has merit.   In *In re Augie*,[2] the court offered two

factors and satisfaction of either prong justifies consolidation.

      \*      Creditors dealt with the debtors as a single economic unit and "did not

            not rely on their separate identity in extending credit,"[3]  or,

      \*      The affairs of the debtor are so entangled that consolidation will benefit all

            creditors.[4]

These two criteria were further embellished with comment in the Ninth Circuit case of *In*

*re: RaeJean Bonham and Atlantic Pacific Funding Corporation*, 229 F.3d 750 (9th Cir. 2000)

wherein the court added an additional requirement that being a  "balanc[ing of the] benefits that

substantive consolidation would bring against the harms that it would cause."

In the case before the court here, we are presented with Mr. Athari's personal case as well

---

[2]See also *In re: Bonham*, 229 F.3d 766 ("The presenc of either *[Augie/Restivo]* factor is a sufficient basis to order substantive consolidation."; In re: 599 Consumer Elecs. Inc., 195 B.R. 244, 248 (S.D.N.Y 1996) ("Conceivably, substantive consolidation could be warranted on either ground; the Second Circuit's use of the conjunction "or" [in *Augie/Restivo*] suggests that the two cited factors are alternatively sufficient criteria.") *In re: Reider*, 31 F.3d 1102, 1108 (11th Cir. 1994) ("The presence of either factor justifies substantive consolidation.")

[3]See *In re Eagle-Picher Industries, Inc.*, 192 B.R. 903, 905 (Bankr. S.D. Ohio 1996) ("A review of the case law dealing with substantive consolidation makes it clear that decisions on that subject are fact intensive, and decisions are made on a case-by-case basis.")   Case law cautions that "this 'substantial identity' element is not to be interpreted too narrowly, because many courts use a variety of factors to determine substantial identity.*"  In re Standard Brands Paint Co.*, 154 B.R. 563, 569 (Bankr. S.D. Cal. 1993).

[4]See *Matter of New Center Hospital*, 187 B.R. 569 (E.D. Mich. 1995) ("[E]ven when the financial relationships among the parties to be consolidated are capable of being untangled, the affairs of the parties may nonetheless be 'inextricably intertwined."  If intercompany debts and transfer are numerous and the operations are interdependent, the parties are 'entangled" even if a detailed analysis of the records could ultimately identify the true assets and liabilities of the separate entites.") See also *In re Murray Indus., Inc.*, 119 B.R. 820, 831 (Bankr. M.D. Fl. 1990) (stating that is would be virtually impossible to allocate value of intangible assets.)

as his business case.   The business case will generate the revenue to fund the proposed joint plan of reorganization and Mr. Athari, himself, will be the chief income generator.   The law firm business is housed in a building  owned by Mr. Athari, who in turn, otherwise uses  law firm income to pay the mortgage on the same.   Mr. Athari's personal credit[5] is used to obtain goods and services and to enter into business leases with third parties to implement the goals of the law firm.   Again, the law firm in turn,  generates the revenue to satisfy these service obligations incurred by Mr. Athari for the benefit of the law firm.    Mr. Athari and his law firm co-exist as a matter of fact for the betterment of Mr. Athari personally, his employees and his law firm.    As a practice and pattern in his business affairs, Mr. Athari typically signs personally for all of his business obligations, further creating a virtual unanimous overlap of  personal and business debt.

### III.    Summary

The debtors' pending disclosure statement poses a plan of reorganization that involves the substantial consolidation of these two bankruptcies.   These two bankruptcies should be not only administrative consolidated, but also substantially consolidated in the best interests of both the debtors and the creditors.   In such an event, any discussion regarding a potential conflict of interest involving the Applicant's employment  would unavoidable minimize if not simply end. Good cause exists for the Court to enter an order substantially consolidating these two bankruptcies as well as employing the Applicant as co-debtor for debtor-in-possession Reza Athari & Associates, P.L.L.C.

---

[5]See *In re Murray Indust.*, 119 B.R. 820, 824 (Bankr. M.D. Fl. 1999) ( court considered the fact that credit facilities were negotiated by parent company for enterprise as a whole as a factor supporting substantial consolidation.)

Dated this 28th day of April, 2014.

OWENS & PYPER, P.L.C.

/s/   Mark B. Pyper

_____
Mark B. Pyper
Proposed Attorneys for Debtor-in-
Possession Reza Athari & Associates,
P.L.L.C.

CERTIFICATE OF SERVICE

1.      On March 18, 2014, I served the following documents:

Debtor's Brief Concerning Application To Employ &
The Issue of Substantial Consolidation

2.      I served the above-named documents by the following means to the
persons as listed below:

United States mail, postage fully prepaid
To:
        Attention: Jonas Anderson
        U.S. Trustee's Office
        300 Las Vegas Boulevard South, Room 4300
        Las Vegas, NV 89101

        Joseph G. Went
        Holland & Hart
        9555 Hillwood Drive
        2nd Floor
        Las Vegas, NV 89134

        Reza Athari
        REZA ATHARI & ASSOCIATES, PLLC
        3365 Pepper Lane, Ste. 102
        Phoenix, AZ 89120

        Marilyn Caston
        Attorney at Law
        8668 Spring Mountain Road, #101
        Las Vegas, NV 89117

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   4-28-14

Laura Pyper                                    /s/ Laura Pyper

_____          _____

Name of Declarant                              Signature of Declarant