OWENS & PYPER, P.L.C.
3030 N. Central Avenue, Ste. 1406
Phoenix, Arizona 85012
Phone: 602-265-4800
Fax: 602-265-0005
**Mark B. Pyper #011051**
Email: pyperlaw@aol.com

Attorneys for Debtors-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| REZA ATHARI & ASSOCIATES, ) | No. 14-10724-ABL |
| P.L.L.C. ) | |
| ) | EXPARTE MOTION FOR REDACTION |
| Debtor. ) | OF DEBTOR'S BANK ACCOUNT/ |
| _____) | CREDIT ACCOUNT INFORMATION |

Debtor Reza Athari & Associates, P.L.L.C, (hereafter "Debtor,") by and through its undersigned counsel, respectfully files this *"Ex-Parte Motion For Redaction of Debtor's Bank Account/ Credit Account Information"* to redact and maintain under seal certain information the debtor inadvertently disclosed on its underlying schedules, mailing matrix and a monthly operating report, respectively located at Docket #1, #38, #39, #49 and #53. This motion is brought pursuant to 11 U.S.C. Section 107(c)(1) and Rule 9018 of the Federal Rules of Bankruptcy Procedure.

In support of this Motion, the debtor respectfully represents as follows:

**A.     Background**

1.     Debtor filed its petition for Chapter 11 relief on February 3, 2014.

2.     Debtor is a professional limited liability company organized by Reza Athari, its wholly-owner member and manager (hereafter "Mr. Athari.")

3.     Mr. Athari is an AV rated immigration and nationality lawyer who maintains offices in various jurisdictions including Utah, Nevada and California.

4.     Mr. Athari has arisen to national acclaim and its frequently called upon to comment concerning immigration and nationality issues that confront our country.

5.     Despite his overall success as an attorney over the decades, Mr. Athari was not immune from the real estate decline that affected the southwest including the Las

Vegas, Nevada, metropolitan area.

6. As a consequence, the debtor commenced this case under Title 11 on February 3, 2014, by filing its voluntary petition and later its schedules. After the filing of these various pleadings, the debtor became aware that certain banking and credit account information remained on specific filings located at Docket 1, 38, 39, 49 and 53.

**B.  Relief Requested**

7. By this motion, the debtor respectfully requests that the Court allow substitution of the following redacted document, each of which delete any reference to the debtor's bank account information and credit account information contained in the original filings:

| Docket No. | Document | Redacted Document | Exhibit No. |
|---|---|---|---|
| 1 | Voluntary Petition | Voluntary Petition | A |
| 38 | Mailing Matrix | Mailing Matrix | B |
| 39 | Schedules | Schedules | C |
| 49 | Amended Schedules | Amended Schedules | D |
| 53 | Monthly Operating Report | Monthly Operating Report | E |
|  |  |  |  |

Further, the debtor respectfully requests that the Court allow the substitution of the attached exhibits for those referenced docket entries set forth above.

**C.  Basis For Relief**

4. 11 U.S.C. Section 107(c)(1) of the Bankruptcy Code provides bankruptcy courts with he authority to limited the disclosure of certain confidential information so as to protect parties from potential harm such as identify theft. Section 107(c)(1) provides, in relevant part:

> The bankruptcy court, for cause, may protect an individual, with respect to the following type of information to the extent that the court finds that the disclosure of such information would create undue risk of identify theft or other unlawful injury to the individual or the individual's property:
>
> (A)    Any means of identification (as defined as 1028(d) of Title

      18) contained in a paper filed, or to be filed in a case under this title.

    (B) Other information contained in a paper described in subparagraph (A).

Clearly, the debtor's bank account information and credit account information is a highly sensitive set of information that needs to be redacted from the exhibit mentioned above in order to avoid exposing the debtor to any risk of identify theft. Therefore, 11 U.S.C. Section 107(c)(1) applies and the requested information should be redacted.

Furthermore, Bankruptcy Rule 9018 expands on the procedural protection afforded by 11 U.S.C. Section 107c, providing in relevant part that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires. ... to protect the estate or any entity in respect to a trade secret or other confidential research, development, or commercial information." Fed.R.Bank.P. 9018 (emphasis added.) Bank account information and credit account information are highly sensitive information requiring the requested redaction pursuant to Federal Rule of Bankruptcy Procedure 9018.

  **D.** **Conclusion**

Therefore, in order to correct a simple mistake or inadvertence, the debtor asks this court to utilize the power afforded to it by 11 U.S.C. Section 107(c)(1) and Rule 9018 of the Federal Rules of Bankruptcy Procedure to redact the debtor's confidential information from the debtor's schedules.

Dated this 29th day of April, 2014.

                OWENS & PYPER, P.L.C.

                /s/ Mark B. Pyper

                _____
                Mark B. Pyper, Proposed Counsel
                For The Debtor-in-Possession
                Reza Athari & Associates, PLLC