Scott Andrew Farrow
Acting Assistant United States Trustee
State Bar # WI 1000609
*scott.a.farrow@usdoj.gov*

Jonas V. Anderson, Attorney
State Bar # VA 78240
*jonas.v.anderson@usdoj.gov*

E-filed on May 5, 2014

**UNITED STATES DEPARTMENT OF JUSTICE**
Office of the United States Trustee
300 Las Vegas Boulevard, So., Suite 4300
Las Vegas, Nevada 89101
Tel.: (702) 388-6600, Ext. 227
Fax:  (702) 388-6658

**Attorneys for the United States Trustee for Region 17**
       **TRACY HOPE DAVIS**

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>REZA ATHARI & ASSOCIATES,<br>P.L.L.C.,<br><br>            Debtor. | Case No: BK-S-14-10724-ABL<br><br>Chapter 11<br><br>Date: April 16, 2014<br>Time: 11:00 a.m.<br>Place: ABL-Courtroom 1, Foley Federal Bldg. |

**RESPONSE TO DEBTOR'S BRIEF CONCERNING THE APPLICATION TO EMPLOY & THE ISSUE OF "SUBSTANTIAL CONSOLIDATION"**

To the Honorable AUGUST B. LANDIS, United States Bankruptcy Judge:

Tracy Hope Davis, United States Trustee for Region 17 (the "United States Trustee"), hereby brings her *Response to Debtor's Supplemental Brief Concerning the Application to Employ & the Issue of "Substantial Consolidation"* (the "Response").  The Response is timely under the Court's *Order Setting Deadlines for Briefing Regarding Application to Employ Counsel* ("Briefing Order") [Docket No. 57], and the Response addresses assertions made by

debtor Reza Athari & Associates P.L.L.C. ("Debtor") in *Debtor's Brief Concerning the Application to Employ & the Issue of "Substantial Consolidation"* ("Consolidation Brief") [Docket No. 64].

## MEMORANDUM OF POINTS AND AUTHORITIES

1. The United States Trustee respectfully submits that the Consolidation Brief fails as a matter of fact and as a matter of law. It fails as a matter of fact because it is unresponsive to the Court's Briefing Order, which in clear and unmistakable terms directs "that the debtor must file its brief regarding how joint administration, *as opposed to substantive consolidation*, would resolve potential conflicts of interest between the debtor's estate and the estate of Reza Athari and Fataneh R. Athari (Case No. 14-10723-ABL)." [Docket No. 57 at 1, lns. 17-20). The Consolidation Brief does not mention, let alone address, joint administration. Instead, it relies exclusively on the prospect of a forthcoming substantive consolidation.[2] For this reason alone the Court should enter an order sustaining *The United States Trustee's Objection to Debtor's Application to Employ Counsel* ("Objection"). [*See* Docket No. 48].

2. The Consolidation Brief also fails as a matter of fact because it does not marshal any evidence in support of its assertions. The Consolidation Brief argues that "[g]ood cause exists for the Court to enter an order substantially consolidating these two bankruptcies." [Docket No. 64 at 6]. But the Consolidation Brief does not give the Court any evidentiary basis from which to make such a "good cause" determination. It is Debtor's burden to

---

[2] The Consolidation Brief appears to use the terms "substantive consolidation" and "substantial consolidation" interchangeably. Although the cases the Consolidation Brief cites in support of its position exclusively concern the remedy of substantive consolidation, at times the Consolidation Brief requests "substantial consolidation." *See, e.g.*, Docket No. 64 at 6 ("These two bankruptcies should be not only administrative [sic] consolidated, but also substantially consolidated"). The United States Trustee does not find any mention or explanation of "substantial consolidation" in the authorities cited in the Consolidation Brief. The United States Trustee therefore responds here to the apparent argument that substantive consolidation would be appropriate in this case.

establish the appropriateness of substantive consolidation, and that burden is a heavy one.  *See In re Reider*, 31 F.3d 1102, 1109 (11th Cir. 1994) ("The burden is upon the proponent of . . . consolidation and is exacting").

      3.      In addition, the Consolidation Brief fails as a matter of law because substantive consolidation is not an appropriate remedy for the problem of potential employment conflicts, and that is the particular problem the Court has asked Debtor to address here.  [Docket No. 57 at 18-20].  *See Union Savings Bank v. Augie/Restivo Baking Co. Ltd. (In re Augie/Restivo Baking Co.),* 860 F.2d 515, 518 (2d Cir. 1988) ("The sole purpose of substantive consolidation is to ensure the equitable treatment of all creditors.");  *In re Owens Corning*, 419 F.3d 195, 211 (3rd Cir. 2005) ("While substantive consolidation may be used defensively to remedy the identifiable harms caused by entangled affairs, it may not be used offensively (for example, having a primary purpose to disadvantage tactically a group of creditors in the plan process or to alter creditor rights"); *In re Bonham*, 229 F.3d 750, 767 (9th Cir. 2000) ("Of course, resort to consolidation . . . should not be Pavlovian, but as almost every other court has noted, should be used sparingly.") (quotations and citations omitted).  In short, substantive consolidation is a remedy that is "extreme . . . and imprecise," a "'rough justice' remedy [that] should be rare and, in any event, one of last resort after considering and rejecting other remedies." *In re Owens Corning*, 419 F.3d 195, 211 (3rd Cir. 2005).

      4.      Moreover, as stated in the Consolidation Brief, some courts have determined that substantive consolidation may be justified where either creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit, or the affairs of the debtors are so entangled that consolidation will benefit all creditors.  [Docket No.

64 at 5, citing *Augie/Restivo*, 860 F.2d at 518]. Here, neither of these alternatives appears to apply.

5. First, the record suggests that Debtor's creditors did not deal with Debtor as a single economic unit, isolated and distinct from debtors in the related case of *In re Reza Athari & Fataneh Athari* (Case No. 140723-ABL). Debtor's Amended Schedule "H" discloses that Mr. Reza Athari is co-liable on debts listed by Debtor, and apparently Mr. Athari has guaranteed certain of Debtor's debts. [*See* Docket No. 49 at 24]. Substantive consolidation is not justified where one debtor has guaranteed the debts of another and creditors rely on debtors' separateness. *Owens Corning*, 419 F.3d at 213-214.

6. Second, consolidation will not benefit all creditors because consolidation will eliminate the guarantees that protect the interests of structured creditors who are entitled to priority of distribution by virtue of those guarantees. Indeed, the fact that Debtor's counsel has moved for substantive consolidation in this case—or at least advocated its appropriateness in the Consolidation Brief—further dispels the notion that Debtor's counsel is disinterested under 11 U.S.C. § 327. By definition, a "disinterested person" is one who "does not have an interest materially adverse to the interest of . . . any class of creditors." 11 U.S.C. § 101(14). Substantive consolidation is contrary to the interest of the class of structured creditors who benefit from the guarantees described above, and any advocate of substantive consolidation must therefore have an interest that is materially adverse to the interest of those creditors.

///

///

///

///

**WHEREFORE**, for all of the foregoing reasons and for the reasons described in the Objection, the United States Trustee respectfully requests that the Court enter an order sustaining the Objection

Dated: May 5, 2014

Respectfully submitted,

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By:  */s/ Jonas V. Anderson*
Jonas V. Anderson, Esq.
Attorney for the United States Trustee
United States Department of Justice

300 Las Vegas Blvd. South, Suite 4300
Las Vegas, Nevada  89101
Telephone:  (702) 388-6600, Ext. 227
*jonas.v.anderson@usdoj.gov*